## The La Crosse Gold Mining Co. v. Scudder.

Where the evidence, in a case tried to the court, clearly does not warrant a finding and judgment for the plaintiff, such judgment will be reversed on writ of error.

*Error to Probate Court of Gilpin County.*

Assumpsit for work and labor, etc.; the declaration consisted of the common counts ; plea of the general issue.

Mr. L. C. Rockwell, for plaintiff in error.

Mr. Clinton Reed, for defendant in error.

Elbert, J. The trial in this case was to the court, and the evidence clearly did not warrant a finding and judgment in favor of the plaintiff.

He claims compensation for his services as agent, in taking care of, and protecting from trespassers, certain mining claims belonging to the defendant company, and yet, during and near the end of the period for which he claims to have been acting as agent, he writes to the president of the company, under whose authority he claims to have acted, respecting the mill site of the company, and says : " Parties now stand ready to make surveys upon it, (meaning the mill site) and the reason they don't is, they think I am your agent, when the truth is, you have no actual agent in the country."

Again, if from what the president of the company wrote the plaintiff, a promise could be implied to pay him a reasonable compensation for his guardianship of the property, or for any labor done upon it, his evidence respecting the service rendered is too uncertain and contradictory to support a verdict. He says in his testimony: "I have not charged the company any thing for looking after the property described in the lease," and yet the only mines from which he claims to have driven intruders, and the shafts of which he covered, are the mines indicated in the

lease. The only exception is the "Ashtabula Lode," and the extent of his care and labor concerning this lode, consisted in paying to it, as he testified, "some attention."

The promise, which he claims was made him by the directors of the company at the meeting in New York, was not a promise to pay a salary, but certain *expenses* which he had incurred, and was, thereafter, to incur. The expenses proven, if any, amounted to a little over $100. The judgment was for $1,100.

In our view the plaintiff was not entitled to recover, except, perhaps, for actual expenses incurred independent of the evidence of the president, Van Ness, who testifies that the defendant never had any business transactions with the plaintiff, except as a lessee of their mines.

The judgment of the court below is reversed with costs, and the cause remanded for further proceedings according to law.

*Reversed.*